**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| Michael Quiles,<br><br>Plaintiff,<br><br>v.<br><br>CSX Transportation, Inc.,<br><br><br>Defendants. | Case No. 6:24-cv-1610 |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL**

Defendant, CSX Transportation, Inc., ("Defendant" or "CSXT") by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 37, hereby serves its Response to Plaintiff Michael Quiles ("Mr. Quiles" or "Plaintiff") Motion to Compel Production of Documents as follows:

**INTRODUCTION**

1.      Plaintiff Michael Quiles filed this updated Motion to Compel seeking an order requiring CSXT to conduct additional searches and produce documents responsive to Plaintiff's Requests for Production Nos. 2, 3, and 6. The motion should be denied because: (1) CSXT properly objected to the requests; (2) contrary to Plaintiff's assertions, CSXT conducted a reasonable search and produced all non-privileged responsive documents in its possession; and (3) this Court has already

1

denied Plaintiff's request for CSX to conduct additional searches or produce further documents related to Requests Nos. 2, 3, and 6. [D.E. 89]. Plaintiff also fails to demonstrate any waiver of privilege or that a substantial need and undue hardship overcomes the work product protection in the instant case.

2.    Plaintiff's Motion further contains numerous assertions unsupported by the record, including the serious and inaccurate allegation that CSXT was dishonest with the Court at the January 14, 2026 hearing. The allegation is demonstrably false. Plaintiff's Motion amounts to an impermissible fishing expedition and should be denied.

### BACKGROUND

3.    Plaintiff Michael Quiles, a non-CSXT employee working for Prince Contracting, alleges he was injured when a CSXT train struck construction equipment he was operating while fouling the railroad's right of way ("ROW"). The construction project, performed on a Florida state road bridge, was governed by a contract between Prince Contracting ("Prince") and the Florida Department of Transportation ("FDOT") the owner of the subject railroad tracks. Plaintiff served document requests on CSXT, to which CSXT timely responded with specific objections and produced all non-privileged responsive documents in its possession. These productions include: (1) a forty-four (44) page FDOT incident investigation report (the "Bombardier Report") containing photographs, non-CSXT witness statements, permits regarding the project and flagging requests to FDOT; and (2) multiple contracts addressing track ownership.

2

CSXT simultaneously served a privilege log identifying responsive documents which were specifically requested and withheld on privileged grounds.

4.      Plaintiff's motion to compel seeks an order requiring CSXT to (1) conduct additional redundant searches for documents responsive to Plaintiff's second, third and sixth requests; (2) produce CSXT employee written statements; (3) produce internal investigation report(s); and (4) deem CSXT's privileges waived or alternatively that they are overcome based on an incomplete privilege log or by purported substantial need and undue hardship. Each request should be denied.

5.      On January 14, 2026, this Court held a hearing on Plaintiff's first motion to compel. [D.E. 89]. The Court expressly denied Plaintiff's request that CSXT be ordered to conduct additional searches or produce further documents responsive to Requests Nos. 2, 3, and 6. [D.E. 89]. This Court did order CSXT to provide an updated privilege log with the author's name, job title, page count and recipients of the documents. [D.E. 89]. CSXT promptly complied with the Order and provided its second amended privilege log that same day. Therefore, Plaintiff's request regarding additional searches should be denied as moot.

6.      Plaintiff's updated motion to compel merely repackages arguments already rejected by the Court and raises new assertions unsupported by fact or law. For example, Plaintiff claims CSXT failed to produce correspondence with the FDOT, despite never requesting such documents. [D.E. 90 at p. 5]. Plaintiff also argues that CSXT failed to identify persons who may have relevant information in its interrogatories. Not only has Plaintiff failed to provide any request to CSXT regarding

3

the clarification or amendment of such interrogatory, CSXT properly objected to the interrogatory and provided five (5) names that it believed *may have relevant* information. Plaintiff plainly failed to depose three (3) out of the five (5) names. Any additional individuals identified in CSXT's second amended privilege log are not relevant, as their involvement was limited to protected work-product information or administrative compilation of third-party materials. *See Bonner v. Triple S Mgmt. Corp.,* 68 F.4th 677 (1st Cir. 2023) (affirming the denial of plaintiff's motion to compel as plaintiff's *belief* that defendants employees were responsible for the claims made, without more is irrelevant and not sufficient to compel production); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("[f]urther [discovery] limitations come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege."); Fed. R. Civ. P. 26(b).

7.    Plaintiff further speculates without evidentiary support that CSXT withheld documents which would purportedly explain why CSXT's train failed to avoid the incident. Not only has Plaintiff failed to request any train handling documentation, but Plaintiff's claim assumes trains can stop instantaneously contrary to common sense and the known facts of the subject incident. The subject incident occurred at night on a curved section of track. *See* M. Quiles Depp. at pp. 32:1-10, 88:3-21, attached as **Exhibit A**. When CSXT's engineer traveled around the corner and observed Plaintiff fouling the track, he immediately sounded the horn and placed the train in emergency braking. *See* J. Gary Depp. at pp. 12:25-13:14, attached as

**Exhibit B;** *see also* EDR data attached as **Exhibit C**. There is no evidence to the contrary. Moreover, Plaintiff has not retained any experts who could opine on the now alleged improper train handling. *See Fino v. Nodine*, 646 So.2d 746, 749 (Fla. 4th DCA 1994) (admission of lay opinion testimony as to whether defendant driver could have done anything to avoid accident resulting in pedestrian's death was harmful error as there was evidence the witnesses did not adequately perceive the events leading up to the accident); *Ramsey v. Home Depot U.S.A., Inc.*, 124 So. 3d 415, 418 (Fla. 1st DCA 2013) (conclusory general assertions do not create factual disputes necessary to avoid summary judgment). Plaintiff's arguments lack merit and are an impermissible fishing expedition which plainly arose after his counsel learned they brought an FELA suit against a railroad that didn't employ their client. *Id; See Beardsley v. Jabs, CSC LLC*, No. 5:25-cv-658-JSM-PRL, 2025 U.S. Dist. LEXIS 265102 at 5 (M.D. Fla. Dec. 23, 2025) (denying plaintiff's discovery request seeking documents to establish his claim on whether the defendant committed any deceptive acts, as such requests constitute an impermissible fishing expedition); *see also Hightower v. Bigoney*, 145 So. 2d 505, 509 (Fla. 2d DCA 1962) (stating that a motion for production of documents must not be a mere fishing expedition based on mere suspicion) citing *Jacobs v. Jacobs*, 50. So.2d 169 (Fla. 1951).

8. Plaintiff's most serious and inaccurate accusation is that Defendant was dishonest with the Court at the January 14, 2026 hearing regarding the existence of photographs. This is demonstrably false. Defense counsel accurately advised the Court that he was *unaware* of any photographs. Upon further review, a limited number of

photographs were simply identified and disclosed on CSXT's Second Amended Privilege Log. A copy of CSXT's second amended privilege log is attached hereto as **Exhibit D.** Notably, those photographs depict precisely the same conditions depicted in photographs contained within the Bombardier Report previously produced to Plaintiff. *See* Bombardier Report at pp. 2-6, a copy of which is attached hereto as **Exhibit E**.

9.      As explained further below, the forty-four (44) page Bombardier Report, prepared by FDOT, the track owner and project administrator, contains significantly more information than any internal CSXT investigation reports. *See* Ex. D; *see also* Ex E. That of course makes perfect sense as the incident was plainly caused by the failure of Plaintiff's employer to notify either railroad of their intent to place Plaintiff in a piece of equipment in a curve at night without letting the entity that owned and governed the track (not CSXT) know beforehand as required by common sense and every applicable contract and law. (*See* Ex. E at p. 21 "Prince Contracting not authorized to work", p. 28 "[n]o protection or job briefing was made", p. 29 "*The track protection request from Prince Contracting stated they would be doing a bridge deck concrete pour which would not require any machinery on the ROW*.") (emphasis added). Plaintiff has failed to demonstrate any substantial need and undue hardship sufficient to overcome the work-product privilege. Plaintiff's assertion that the Bombardier Report is allegedly "factually inaccurate" is irrelevant. It is an investigation report prepared by the owner of the tracks and the entity who was performing the work project at the time of the incident. Whether Plaintiff disputes the report's conclusions does not justify

6

compelling production of CSXT's privileged internal materials. For the reasons stated herein, Plaintiff's motion to compel should be denied.

**ARGUMENT**

**I.     CSXT's Objections Were Proper and Have Not Been Waived**

10.     CSXT properly objected to Plaintiff's discovery requests as overbroad in time and scope, vague and ambiguous, unduly burdensome, irrelevant, and not proportional to the needs of the case. Contrary to Plaintiff's assertions, these objections are not "boilerplate" but are tailored to the deficiencies of each request. Fed. R. Civ. P. Rule 26. A defendant is only required to "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. Rule 34(b)(2)(B). This is precisely what Defendant has done.

11.     Request No. 2 seeks "*Every email, text, or other electronic communication that includes 'Quiles.'*" CSXT responded to this Request as follows:

> **RESPONSE: CSXT objects to this request as overly broad in time and scope, vague and ambiguous, unduly burdensome, irrelevant, and not proportional to the needs of the case** *as this request makes no attempt to limit or specify the communications or documents sought.* **Defendant also objects to this request as any materials generated by CSXT as part of its investigation of the subject incident in anticipation of and/or response to litigation that may contain the word "Quiles" is protected from disclosure under the work product, self-critical analysis, and attorney-client privileges. This request is overly broad to identify each and every document that may exist and is responsive to the objected portions of this request.** *CSXT is not in possession of any responsive materials containing the word "Quiles" that were held in the ordinary course of business prior to the subject incident*.
> (emphasis added)

7

12. Contrary to Plaintiff's assertions, Defendant's objections are not boilerplate. They specifically articulate why Plaintiff's request is overly broad in time and scope, and vague and ambiguous. Fed. R. Civ. P. Rule 34(b)(1); *Wright v. AmSouth Bancorporation,* 320 F.3d 1198, 1205 (11th Cir. 2003) (denying motion to compel requesting "all word processing files created, modified and/or accessed on behalf of" five specific employees over a two and one-half year period, determining the requests were overly broad, irrelevant and unduly burdensome). CSXT employs over 23,000 individuals and manages hundreds if not thousands of claims throughout the United States. Plaintiff's demand for "every email or communication containing the word 'Quiles'" is plainly disproportionate to the needs of this case as it would require a companywide search of all electronic communications with no limitation as to time frame, custodians, or subject matter. Indeed, CSXT's reasonable search identified correspondence from wholly unrelated matters not involving Mr. Michael Quiles, further confirming that Plaintiff's Request No. 2 is impermissibly overbroad.

13. Defendant also properly objected to the request as it necessarily encompasses privileged materials including work product information and attorney-client communications generated in response to litigation. *Fojtasek v. NCL (Bahamas) Ltd.*, 262 F.R.D. 650 (S.D. Fla. 2009) (emails that are "directed and/or cc'd to persons reasonably involved in the litigation, including counsel", are protected by the work-product privilege). Notwithstanding Plaintiff's improper request and Defendant's proper objections, CSXT answered the request by stating "CSXT is not in possession of any responsive materials containing the word 'Quiles' that were held in the ordinary

8

course of business prior to the subject incident." As a result, Defendant's objections to Plaintiff's Request No. 2 should be sustained.

14.     Request No. 3 seeks "*Documents demonstrating Quiles's injury, the injury-accident, the causes of the injury-causing accident, and/or CSX investigation of any of the forgoing.*" This request is similarly overly broad and vague, as it makes no attempt to limit or specify the type of documents sought. CSXT responded to this Request as follows:

> **RESPONSE: CSXT objects to this request as grossly overbroad in time and scope, vague and ambiguous, unduly burdensome, irrelevant, and not proportional to the needs of the case as this request makes no attempt to limit or specify the type documents sought. Defendant also objects to this request as any materials generated by CSXT as part of its investigation of the subject incident in anticipation of and/or response to litigation are protected from disclosure under the work product and self-critical analysis privileges. Defendant further objects to this request as it seeks to invade work product and the attorney-client privilege, specifically, materials reflecting the mental impressions, opinions, conclusions, and legal theories of defense counsel as to the subject incident and the case. This request is overly broad to identify each and every document that may exist and is responsive to the objected portions of this request.**

15.     Defendant's objections are not boilerplate and improper. Defendant's objections clearly explain why Plaintiff's request is overly broad in time and scope, vague and ambiguous, and not proportional to the needs of the case. The request for *documents* concerning the "injury-accident" or the "causes of the injury-causing accident, and/or CSX investigation of any of the forgoing" are so vague and ambiguous that Defendant cannot reasonably determine what documents are being sought. If a description of items sought is too broad and lacks sufficient specificity

9

necessary for one to know what is demanded, no action can be taken against a party for failure to produce the uncertain items. *Buckley Development Co., Ltd. v. Tagrin*, 270 So. 2d 433 (Fla. 2d DCA 1972). Defendant further articulated that Plaintiff's request was so overly broad to seek identification of each and every document that may exist, thereby placing Plaintiff on notice of the potential withheld documents. Defendant is not required to list items on its privilege log when they are not specifically requested. *SEC v. Merkin*, No. 11-23585-CIV, 2012 U.S. Dist. LEXIS 108715, at *2 (S.D. Fla. Aug. 3, 2012) (a party "is not required to list privileged documents on a privilege log if the opposing party never asked from them in the first place." . . . "None of those 27 requests call for the [party's] internal reports"); Fed. R. Civ. P. Rule 34(b)(1); *Wright,* 320 F.3d at 1205 (denying motion to compel as the requests were overly broad and unduly burdensome). Notwithstanding, Defendant volunteered its amended privilege log naming the internal reports prior to the January 14, 2026 hearing.

16.     To the extent Plaintiff is seeking any post-accident investigations, those documents and reports are protected from disclosure pursuant to the work-product doctrine. *See* J. Underwood Affidavit attached hereto as **Exhibit F**; *see also Gilbertson v. Royal Caribbean Cruises, Ltd.*, No. 23-CV-23244, 2024 U.S. Dist. LEXIS 68904, at *2 (S.D. Fla. April 16, 2024) (holding the incident reports "were prepared in anticipation of litigation as part of Defendant's investigation of the subject incident and are protected by the work-product privilege"); *Seaboard Air Line R. Co., v. Timmons,* 61 So.2d 426, 427 (Fla 1952) ("records, investigation sheets, memoranda, and photographs relating to the accident, including any and all information, investigation

sheets, etc., received by the defendant's attorneys from investigators and adjusters" are protected work-product materials); *see also Fojtasek v. NCL (Bahamas) Ltd.*, 262 F.R.D. 650, 653 (S.D. Fla. 2009) (holding internal incident reports were protected work-product materials, stating "[t]he work product doctrine is distinct and broader than the attorney-client privilege, and protects . . . materials prepared by agents for the attorney"); *Meyer v. NCL (Bah.), Ltd.,* No. 16-23238-CIV-WILLIAMS/SIMONTON, 2017 U.S. Dist. LEXIS 125045 (S.D. Fla. Aug 8, 2017) (holding incident reports were prepared in anticipation of litigation); *Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 644 (S.D. Fla. 2011); *Millard Mall Servs. v. Bolda*, 155 So.3d 1272 (Fla. 4th DCA 2015) ("Work-product protection extends to information gathered in anticipation of litigation by corporate non-attorney employees, including employees of a corporation's risk management department.") citing *Royal Caribbean Cruises, Ltd. v. Doe,* 964 So.2d 713, 718 (Fla. 3d DCA 2007) (incident reports created by employees and filed with the risk management department to be used to defend against potential litigation are protected as work-product). As a result, Defendant's objections to Plaintiff's Request No. 3 should be sustained.

17.    Request No. 6 seeks "*Documents demonstrating communications with and/or statements of witnesses, potential witnesses, and/or persons interviewed in connection with this action (including experts).*" CSXT responded to this Request as follows:

> **RESPONSE: CSXT objects to this request as overly broad in time and scope, vague and ambiguous as to the phrase "documents demonstrating communications", unduly burdensome, and not proportional to the needs of the case. Defendant also objects to this**

11

**request as any materials generated by CSXT as part of its investigation of the subject incident in anticipation of and/or response to litigation are protected from disclosure under the work product and self-critical analysis privileges. This request is overly broad to identify each and every document that may exist and is responsive to the objected portions of this request.** *See* **documents produced in response to Request No. 4.** *See* **Privilege Log.**

18.    Defendant properly objected to this request as vague and unduly burdensome. The phrase "documents demonstrating communications" is undefined and would require CSXT to search for any communication with any potential witness without limitation. As written, this request seeks communications with any individual remotely connected in any way to this incident without regard to relevance, time frame, or scope and could encompass reports summarizing such statements. This request is plainly not proportional to the needs of this case.

19.    To the extent that Plaintiff seeks post-accident interviews or written statements, those documents were prepared in anticipation of litigation and are protected from disclosure pursuant to the work-product doctrine. *See* Ex. F; *see also Seaboard Air Line R. Co.,* 61 So.2d at 427 (written statements of witnesses relating to the occasion on which the injury occurred are protected work-product); *see also Gilbertson v. Royal Caribbean Cruises, Ltd*., No. 23-CV-23244, 2024 U.S. Dist. LEXIS 68904, at *2 (S.D. Fla. April 16, 2024) (holding the handwritten witness statements were protected work product as they were prepared by the party's agents); *Meyer,* 2017 U.S. Dist. LEXIS 125045 at 10 (S.D. Fla. Aug 8, 2017) (handwritten witness statements that are prepared by a party's personnel are protected by the work-product

12

doctrine); *Bridgewater*, 286 F.R.D. at 644 (holding that similar witness statements are protected by the work product doctrine).

## II.    CSXT Has Properly Asserted Privilege Over its Internal Incident Reports and Witness Statements

20.    The work product doctrine protects from discovery materials prepared in anticipation of litigation. Fed. R. Civ. P. 26. CSXT properly asserted this protection over documents generated as part of its investigation of the subject incident in anticipation of litigation. As the Florida Supreme Court has long recognized: "A party is not entitled, as of right, under *Rule 27*, or any other rule, to inspect the statements, memoranda, and other documents constituting the 'work product' of the opposing party as to the matter which is the subject of litigation, such as (1) *written statements of witnesses relating to the occasion on which the injury occurred*; (2) *statements or reports from agents, officers or employees of the defendant company relating to the accident*; and (3) records, investigation sheets, memoranda, and photographs relating to the accident, including any and all information, investigation sheets, etc., *received by the defendant's attorneys from investigators and adjusters*." (emphasis added) *See Seaboard Air Line R. Co.,* 61 So.2d at 427; *see also Fojtasek*, 262 F.R.D. 650; (holding incident reports prepared in anticipation of litigation were protected work product); *Meyer,* 2017 U.S. Dist. LEXIS 125045 (S.D. Fla. Aug 8, 2017) (holding incident reports and handwritten statements were protected work product as they were prepared in anticipation of litigation); *Gilbertson v. Royal Caribbean Cruises, Ltd.*, No. 23-CV-23244, 2024 U.S. Dist. LEXIS 68904, at *2 (S.D. Fla. April 16, 2024) (holding the incident reports "were prepared in

13

anticipation of litigation as part of Defendant's investigation of the subject incident and are protected by the work-product privilege"); *Bolda*, 155 So.3d at 1275 ("even a report that is routinely prepared may still qualify as work product).

21.    The two written statements identified in CSXT's privilege log fall squarely within the work product doctrine. *Id.* The statements were prepared by CSXT employees who operated the train involved in the incident and were created at the direction of CSXT's legal department in anticipation of litigation. *See* Ex F. Contrary to Plaintiff's assertion, such materials are not automatically discoverable simply because they were authored by the witnesses themselves. *See Seaboard Air Line R. Co.,* 61 So.2d at 427; *see also Fojtasek*, 262 F.R.D. 650; *Meyer,* 2017 U.S. Dist. LEXIS 125045; *Gilbertson*, No. 23-CV-23244, 2024 U.S. Dist. LEXIS 68904, at *2; *Bridgewater*, 286 F.R.D. at 644. Courts have consistently held that witness statements obtained by or for counsel in preparation for litigation are classic examples of protected work product. *Id.*

22.    Plaintiff's reliance on *Collazo v. Carnival Corp.,* No. 23-CV-23451, 2024 WL 2752431, at *6 (S.D. Fla. May 24, 2024) for the proposition that handwritten statements of Defendant's employees are discoverable, is misplaced. *Collazo* is readily distinguishable. In *Collazo*, the statements were taken from unrelated injured passengers who were not involved in the related case, ***were not prepared to aid in the investigation of the subject incident*** and were prepared on a form with pre-marked questions. The *Collazo* court noted these statements were previously provided in

14

separate lawsuits. The fact that witness statements were from injured passengers, rather from an adverse party or a third-party witness, was a critical factor in determining whether the work product doctrine applied. *Id*. at p. 12. The *Collazo* court stated "[t]he [work product] protection, codified in Fed. R. Civ. P. 26 (3)(A) requires documents to be 'prepared in anticipation of litigation or for trial by or *for any other party or its representative* (including the other party's attorney, consultant, surety, indemnitor, or agent).'" *Id.* at p. 14. (emphasis added). In contrast, the statements at issue here were prepared by CSXT's employees who are averse to Plaintiff, and at the direction of CSXT specifically in anticipation of litigation. *See* Ex. F. To conclude otherwise would be illogical. Absent CSXT anticipating litigation there would be no reason to obtain statements from its train crew members. The witness statements are not from third parties, have not been produced to anyone or in any other matter, and remain protected work product. *Id.* at p. 14.

23.    Courts within this district have repeatedly held that handwritten witness statements prepared during a party's post incident investigation are protected by the work product doctrine. *Meyer,* 2017 U.S. Dist. LEXIS 125045 at 10 (S.D. Fla. Aug 8, 2017) (hand written witness statements that are prepared by a party's employees are protected by the work-product doctrine); *Gilbertson v. Royal Caribbean Cruises, Ltd*., No. 23-CV-23244, 2024 U.S. Dist. LEXIS 68904, at *2 (S.D. Fla. April 16, 2024) (holding the handwritten witness statements were protected work product as they were prepared by the party's agents); *Seaboard Air Line R. Co.,* 61 So.2d at 427 (written

15

statements of witnesses relating to the occasion on which the injury occurred are protected work-product); *Bridgewater*, 286 F.R.D. at 644 (holding that similar witness statements are protected by the work product doctrine).

24.    CSXT has fully satisfied its discovery obligations by identifying the privileged materials on its privilege log and describing them with sufficient detail to permit Plaintiff and the Court to evaluate the asserted privilege without revealing protected information. Plaintiff's generalized allegations of withholding documents are unsupported, constitute an impermissible fishing expedition and do not overcome the well-established protections afforded by the work product doctrine. *See Beardsley v. Jabs, CSC LLC*, No. 5:25-cv-658-JSM-PRL, 2025 U.S. Dist. LEXIS 265102 at 5 (M.D. Fla. Dec. 23, 2025) (denying plaintiff's discovery request seeking documents to establish whether the defendant committed any deceptive acts, as such requests constitute an impermissible fishing expedition); *see also Hightower*, 145 So. 2d at 509 (stating that a motion for production of documents must not be a mere fishing expedition based on mere suspicion) citing *Jacobs v. Jacobs*, 50. So.2d 169 (Fla. 1951).

## III.    CSXT Has Not Waived Any Privilege

25.    Any contention that Defendant waived privilege by withholding any internal post-accident reports or photographs from its privilege log is without merit. *SEC v. Merkin*, No. 11-23585-CIV, 2012 U.S. Dist. LEXIS 108715, at *2 (S.D. Fla. Aug. 3, 2012) (a party "is not required to list privileged documents on a privilege log if the opposing party never asked from them in the first place." . . . "[n]one of those 27 requests call for the [party's] internal reports"). In *Merkin*, the plaintiff filed a motion

16

to compel based on alleged boilerplate objections, assertions of privilege, and the absence of a privilege log. The plaintiff argued that because defendant used a work product objection it was required to provide a privilege log for the objected documents. Defendant, however, also inserted vague and overly broad objections in those same responses. The court rejected plaintiff's argument determining the documents were never requested and despite the work product objection the defendant had no obligation to place the documents in a privilege log. *Id.* at 20.  The court stated that "[r]ule 26(b)(5)(A) requires a party to describe privileged documents "when a party withholds information otherwise discoverable." *Id.* at 12-13. A document is not "withheld" unless it was requested. *Id.* The term "withholds" necessarily incorporates the threshold notion that a *request* for a document was made otherwise, the document is not being "withheld." *Id.* In addition, a document is not "otherwise discoverable" if it is irrelevant, immaterial, overbroad or never requested in the document request." *Id*. at p. 13.

26.    Here, Plaintiff did not request internal post-accident reports or photographs in any discovery request. Defendant also properly objected to Plaintiff's requests as overly broad in time and scope, vague and ambiguous, and unduly burdensome. Accordingly, Defendant had no obligation to include such materials on a privilege log as it was not "otherwise discoverable". Nevertheless, CSXT voluntarily provided an amended privilege log identifying protected materials prior to this Court's January 14, 2026, hearing and again in accordance with this Court's January 14, 2026,

Order. Defendant has demonstrably not waived any privilege. *See generally Merkin*, No. 11-23585-CIV, 2012 U.S. Dist. LEXIS 108715, at *2.

27.    As discussed above, Plaintiff's Request No. 3 is so overly broad and nonspecific that it fails to identify any internal post-accident report. Defendant is not required to speculate as to the meaning or scope of such a request. Fed. R. Civ. P. Rule 34(b)(1); *Wright*, 320 F.3d at 1205 (denying motion to compel as the requests were overly broad and unduly burdensome); *Castle v. Sangamao Weston, Inc.*, 744 F.2d 1464, 1467 (11th Cir. 1984) ("Without making this basic request, appellee's complaint that the EEOC refused to index, catalog and identify all relevant documents is untenable.")*; Merkin*, No. 11-23585-CIV, 2012 U.S. Dist. LEXIS 108715; *Tagrin*, 270 So. 2d at 434 (Fla. 2d DCA 1972) ("if the description of the items sought is too broad and lacks sufficient specificity necessary for one to know what is demanded; no action can be taken against a party for failure to produce the uncertain items.").

**IV.    Plaintiff Has Failed to Demonstrate a Substantial Need and Undue Hardship For The Privileged Materials**

28.    To overcome a claim of privilege, a party must demonstrate both substantial need and undue hardship. *Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1467 (11th Cir. 1984). To satisfy this standard, the party must show that it cannot obtain the substantial equivalent of the materials by other means without undue hardship. *Id.* A party that fails to take the basic discovery steps such as deposing individuals who could provide the information sought, has not established any undue hardship. *Id*.; *see also Greater Hall Temple Church of God in Christ v. S. Mut. Church Ins.*

18

*Co.,* No. 2-17-CV-111, 2021 U.S. Dist. LEXIS 75983, at *7 (S.D. Ga. April 20, 2021) (Plaintiff failed to make sufficient showing of substantial need and undue hardship in obtaining Defendant's privileged photographs); *Bolda*, 155 So.3d at 1276.

29.    Plaintiff has failed to demonstrate a substantial need or that he cannot obtain the substantial equivalent of the privileged materials by other means. While Plaintiff claims these materials are critical, he does not identify any specific documents. Plaintiff already possesses the forty-four (44) page Bombardier Report describing the incident in excruciating detail, including eight (8) photographs of the scene, far exceeding any information in CSXT's internal reports. Additionally, Plaintiff is already in possession of the reasonably equivalent CSXT photographs. Plaintiff had the opportunity to depose relevant witnesses, including employees he mistakenly believed were CSXT's, as well as the dozens of individuals identified in the Bombardier Report. *See* Ex. A. Despite this opportunity, Plaintiff elected not to do so. Defendant has no obligation to instruct Plaintiff on how to frame requests or obtain documents from other non-parties. Plaintiff's failure to pursue available non-privileged discovery is not grounds to overcome the work-product protection. *Castle,* 744 F.2d at 1467 (11th Cir. 1984); *Bolda*, 155 So.3d at 1277. Plaintiff has failed to show any substantial need or undue hardship in obtaining the same or equivalent information in this matter as Plaintiff is already in possession of the Bombardier Report including eight (8) photographs of the scene.

30.    Plaintiff's own Motion concedes that discovery has revealed his earlier assumptions were incorrect. [D.E. 90 at pp.3:17-4:1]. Specifically, the workers present

19

at the construction site were employees of Alstom and FDOT, not CSXT. [D.E. 90 at pp.3:17-4:1]. Plaintiff has therefore had ample opportunity to obtain information relevant to the incident through non-privileged sources. His failure to do so does not constitute a substantial need and undue hardship sufficient to overcome the well-established protections of the work product doctrine.

## CONCLUSION

31.    For the foregoing reasons, CSXT respectfully requests that this Court deny Plaintiff's Motion to Compel in its entirety as CSXT: (1) properly objected to the requests; (2) contrary to Plaintiff's assertions, CSXT conducted a reasonable search and produced all non-privileged responsive documents in its possession; and (3) this Court has already denied Plaintiff's request that CSXT conduct additional searches or produce further documents related to Requests Nos. two, three, and six. [D.E. 89]. Plaintiff has also failed to demonstrate any waiver of privilege or made a sufficient showing of substantial need and undue hardship to overcome the work product protection. Accordingly, Defendant respectfully requests that Plaintiff's Motion be denied in its entirety.

WHEREFORE, Defendant CSX Transportation, Inc. respectfully requests that this Court enter an Order: (1) denying Plaintiff's Motion to Compel; and (2) granting such other and further relief as this Court deems just and proper.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01

I certify that this Response complies with the page limitation as set forth by Local Rule 3.01(a), (c) and (d), and this Court's January 14, 2026 Order.

20

/s/ Daniel J. Fleming
DANIEL J. FLEMING
FB # 0871222
MATTHEW J. KOCHINSKI
FB # 1031545
JOHNSON POPE BOKOR RUPPEL
& BURNS, LLP
400 N. Ashley Drive, Suite 3100
Tampa, Florida 33602
(813) 225-2500 / (813) 223-7118 (fax)
Attorneys for Defendant
dfleming@jpfirm.com
matthewk@jpfirm.com
smartin@jpfirm.com

## CERTIFICATE OF SERVICE

I electronically filed the foregoing with the Clerk of the Court by using the E-Filing Portal, which will send a notice of the electronic filing to the following: Nicholas D. Thompson, Esq., and Michael T. Rapier, Esq., Casey Jones Law, 323 N. Washington Avenue, Suite 200, Minneapolis, MN 55401, nthompson@caseyjones.law, mrapier@caseyjones.law; cgokey@caseyjones.law.

/s/ Daniel J. Fleming
DANIEL J. FLEMING

21